Neville L. Johnson (SBN 66329)
Douglas L. Johnson (SBN 209216)
Ronald P. Funnell (SBN 209897)
Arun Dayalan (SBN 225255)
JOHNSON & JOHNSON LLP
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080
Facsimile:   (310) 975-1095
Email: njohnson@jjllplaw.com
       djohnson@jjllplaw.com
       rfunnell@jjllplaw.com
       adayalan@jjllplaw.com

Bassil A. Hamideh (SBN 261233)
THE HAMIDEH FIRM, P.C.
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:  (310) 556-9687
Facsimile:   (310) 733-5699
Email:      bhamideh@hamidehfirm.com

*Attorneys for Plaintiff*
Helen Vanvakaris

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN VANVAKARIS, an individual,<br><br>Plaintiff,<br>vs.<br><br>FASHION FORMS, INC, a TEXAS corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-07765-DMG-JEM<br><br>The Hon. Dolly M. Gee<br><br>**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**<br><br>Hearing Date: November 8, 2019<br>Time: 9:30 a.m.<br>Dept: Courtroom 8C |

1

**JOINT RULE 26(f) REPORT AND
CASE MANAGEMENT STATEMENT**

Plaintiff Helen Vanvakaris ("Plaintiff") and Defendant Fashion Forms, Inc. ("Defendant"), through their respective counsel of record, have conferred in accordance with Fed. R. Civ. P. 26(f) and Local Rule 26-1 to discuss a proposed discovery plan addressing the issues contemplated by Rule 26(f). The parties submit the following Joint Case Management Statement and Proposed Order reflecting the matters on which they agree and expressing their respective views concerning the issues on which they disagree. Pursuant to the Court's Order (Dkt. 7), Schedule A has been filled out by the parties and is located at the end of this Report.

## I. JURISDICTION

On June 27, 2019, Plaintiff filed a civil lawsuit against Defendant in the Superior Court for the State of California, County of Los Angeles. (Dkt. No. 1, Exh. A.) On September 9, 2019, Defendant filed a Notice of Removal in this Court, Dkt. No. 1, and provided notice to the Plaintiff.

Plaintiff is currently seeking remand on the basis of lack of jurisdiction. Defendant removed the lawsuit based on diversity jurisdiction.

## II. NATURE AND BASIS OF CLAIMS AND DEFENSES

Plaintiff's Contentions

This is a right of publicity case. The complaint alleges causes of action for (1) Common Law Misappropriation of Likeness; and (2) Violation of California Civil Code § 3344. Defendant used Plaintiff's image for promotional purposes to promote its goods without Plaintiff's consent, after Defendant's rights to use Plaintiff's image expired. Damages include a lost license fee, emotional distress, Defendant's profits earned from the unauthorized use, and punitive damages.

Defendant's Contentions

Defendant denies all of Plaintiff's factual allegations and further denies that it is liable to Plaintiff for any unauthorized use of her likeness or at all. Throughout

Plaintiff's entire professional association with Defendant, the parties entered into photo usage and model release agreements under the terms of which, Plaintiff agreed to grant Defendant unlimited use of her images in Defendant's product packaging, magazine advertisements, trade shows, and on retail websites upon receipt of her modeling fee. Plaintiff's sole restrictions were that the images not be sold or licensed to any third parties and that Plaintiff's name not be used without prior written consent, neither of which were alleged to be violated.

Moreover, Plaintiff's claims may be time-barred in any event. Notably, Plaintiff's counsel has steadfastly refused to provide the time parameters, amount of damages claimed or other particulars of her damage claims, except to refer Defendant's counsel to her Complaint - including during the early meeting of counsel. However, the evidence in this case is likely to show that Plaintiff's claims are barred in whole or in part by the two-year statute of limitations.

### III. PROPOSED SCHEDULE OF WRITTEN DISCOVERY, DEPOSITIONS, AND A PROPOSED DISCOVERY CUT-OFF DATE

The parties have met and conferred and jointly propose the following discovery schedule:

- The initial disclosures required by Fed. R. Civ. P. 26(a)(1) will be exchanged by **November 4, 2019** ;
- All discovery shall be commenced in time to be completed by **August 4, 2020**, as more specifically outlined below:
    o All written discovery shall be served by **May 4, 2020**;
    o The parties shall make reasonable efforts to complete fact discovery by **July 6, 2020**;
    o The parties shall make reasonable efforts to complete expert discovery by **September 30, 2020**;
- Discovery limits

3
**JOINT RULE 26(f) REPORT AND
CASE MANAGEMENT STATEMENT**

- - Maximum 35 interrogatories per party;
  - Maximum 35 requests for admission per party (exclusive of requests for admission that only address the authenticity of a document, including metadata fields such as author, sender, recipient, and dates);
  - Maximum of 10 fact depositions by Plaintiff and 10 fact depositions by Defendant. Depositions of expert witnesses designated pursuant to Rule 26(A)(2)(b) shall not be counted toward these deposition limits; and
  - Maximum of 3 experts for Plaintiff and 3 experts for Defendant
- Reports from retained experts under Rule 26(a)(2) will be due:
  - From Plaintiff by **September 8, 2020**
  - From Defendant by **October 6, 2020**.

## IV. DISCOVERY PLAN

### A. General Document Production Protocol

The parties propose that the following general provisions shall govern any ESI or document production, and may seek a stipulated order regarding the same:

1. <u>Security</u>. Both parties shall make reasonable efforts to ensure that any productions made are provided on encrypted media and/or through secured communication channels. The producing party shall provide the receiving party with information necessary to decrypt any productions by a separate e-mail or letter.

2. <u>Confidentiality Designation</u>. Responsive documents shall be stamped with the appropriate confidentiality designations in accordance with the Protective Order that will be entered in this matter.

3. <u>Claims of Privilege</u>. The parties shall provide privilege logs consistent with Rule 26's requirements.

4. <u>Redacting</u>. Should a document contain responsive information as well as information protected from discovery by the Federal Rules of Evidence and/or Federal Rules of Civil Procedure, applicable state law, or by an order of the Court, the party shall redact the privileged or otherwise protected information while maintaining the balance of the document. The redacted document shall be marked to identify which portions of the document have been redacted.

5. <u>Non-Standard Files</u>. The format of production of non-standard electronically stored information, large oversized documents, and other files for which production pursuant to the standard format specified below would be impracticable shall be discussed by the parties before production to determine the optimal production format that is proportional to the issues in the case.

8. <u>Production</u>. A party may produce any documents, whether originally ESI or electronic copies of paper documents, under the agreed-upon protocol through a secure and password-protected FTP server or by serving on the requesting party encrypted electronic storage media (such as a compact disc or portable hard drive). Parties may produce documents totaling less than 100 pages by email.

If the production involves materials that cannot be reduced to an electronic form, the parties will meet and confer regarding the proper method of production. While the parties do not currently anticipate issues reaching agreement on the method of production that is proportional to the issues in the case, they may seek the Court's assistance if they are unable to reach agreement.

9. <u>Unique IDs</u>. Each image shall have a unique filename, which is the Bates number of the page.

**B.     Format of Production of Paper Documents**

For documents originating in paper format, the following specifications shall be used for their production unless the parties otherwise agree:

1. <u>PDFs/TIFFs</u>. Images shall be produced as PDF files or in single-page

TIFF group IV format imaged at 300 dpi. TIFFs shall show all text and images that would be visible to a user of the paper document. Images may be reduced to allow for a dedicated space for page numbering and other endorsements of documents. Images shall be in black and white, unless the parties agree that color is reasonably necessary to understand the meaning of the document.

**C.     Non-Waiver of Privilege and Protection and Stipulated Protective Order.**

Pursuant to Federal Rule of Evidence 502(d), any party's production of documents covered by an applicable privilege or protection shall not constitute a waiver of the privilege or protection with respect to those documents or the subject matter of those documents in this case or any other federal or state or arbitration proceeding or otherwise. Nothing in this paragraph shall require a party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

Prior to the production of documents and other discovery in this action, the parties will meet and confer regarding the terms of a mutually-agreeable stipulated protective order to protect confidential and commercially sensitive information. While the parties do not currently anticipate issues reaching agreement on the terms of a stipulated protective order, they may seek the Court's assistance if they are unable to reach agreement.

**E.     Limitations on Discovery**

The parties agree to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure and Local Rules, except upon a showing of good cause to the Court or as otherwise agreed by the parties.

**V.    <u>LISTING AND PROPOSED SCHEDULE OF LAW AND MOTION MATTERS, AND A PROPOSED DISPOSITIVE MOTION CUT-OFF</u>**

**DATE**

Both parties anticipate filing summary judgment motions in this case. The parties propose that all dispositive motions be filed on or before August 11, 2020.

## VI. ADR PROCEDURES

Pursuant to Local Rule 26-1(c), the parties believe that non-judicial dispute resolution proceedings present the best mechanism and the best opportunity to resolve this litigation and should be utilized pursuant to "ADR Procedure No. 3" of L.R. 16-15.4. Counsel for both parties are familiar with appropriate private mediators in the Central District of California.

## VII. ESTIMATED LENGTH OF TRIAL AND PROPOSED DATE FOR FINAL PRETRIAL CONFERENCE AND FOR TRIAL

Plaintiff has demanded a trial by jury. The parties agree that a trial can be completed in seven (7) days.

The parties request that the trial date be scheduled for December 8, 2020.

## VIII. ADDITIONAL PARTIES TO BE ADDED

The parties do not anticipate adding additional parties at this time.

## IX. OTHER ISSUES AFFECTING CASE MANAGEMENT

The parties agree that all documents may be served electronically by the Court CM/ECF system or for documents that are not filed with the Court, by e-mail at the e-mail address indicated on the docket for each attorney to be noticed. The parties further agree that no additional time or days shall be added any timeframe because the document was served electronically.

## X. LIKELIHOOD OF AMENDED PLEADINGS

The parties do not believe that the pleadings need to be amended. The parties do not believe that the pleadings need to be amended. However, Plaintiff may amend the pleadings after initial disclosures or additional discovery.

## XI. PROPOSALS REGARDING SEVERANCE, BIFURCATION OR OTHER ORDERING OF PROOF.

None at this time.

## XII. STATEMENT AS TO ISSUES WHICH ANY PARTY BELIEVES MAY BE DETERMINED BY MOTION.

None at this time.

## XIII. COMPLEX CASE

The parties agree that the procedures for the Manual for Complex Litigation should be utilized when appropriate. The parties reserve the right to suggest modifications of the procedures in the Manual to facilitate the management of this action.

DATED: October 28, 2019  **JOHNSON & JOHNSON LLP**

By: /s/ _____
Douglas L. Johnson
Arun Dayalan
*Attorneys for Plaintiff*
Helen Vanvakaris

DATED: October 28, 2019  **HINSHAW & CULBERTSON LLP**

By: _____
FILOMENA E. MEYER
Attorneys for Defendant Ce Soir Lingerie Company, Inc. dba Fashion Forms, erroneously sued as Fashion Forms, Inc.

# EXHIBIT A

## SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET

Case No. 2:19-cv-07765-DMG-JEM        Case Name: Vanvakaris v. Fashion Forms, Inc.

| MATTER | JOINT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL** [ ] Court [x] Jury | December 8, 2020 (Tuesday) | 8:30 a.m. |
| **Final Pretrial Conference ("FPTC")** 4 weeks before trial | November 10, 2020 (Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | February 5, 2020 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | August 4, 2020 |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | August 11, 2020 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | September 8, 2020 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | October 6, 2020 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | October 20, 2020 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | October 6, 2020 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | October 20, 2020 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | October 27, 2020 |
| Other Dates: (e.g. class cert motion cut-off, early mediation, etc.) | at least 90 days after complaint served (unless longer time justified) | Early mediation: May 7, 2020 |

9

**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**