UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-7765-DMG (JEMx) | Date | November 22, 2019 |
|---|---|---|---|

| Title | *Helen Vanvakaris v. Fashion Forms, Inc., et al.* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND [8]**

This matter is before the Court on Plaintiff Helen Vanvakaris' Motion to Remand ("MTR"). [Doc. # 8]. The MTR is fully briefed. [Doc. ## 10 ("Opp."), 12 ("Reply").] For the reasons below, the Court **DENIES** Plaintiff's MTR.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Fashion Forms, Inc., sells undergarments and accessories.[1] Compl. [Doc. # 1] at ¶ 7. Plaintiff modeled Defendant's products in photographs for use in product packaging, websites, and other advertisements on several occasions. *Id.* at ¶¶ 8-9. Plaintiff claims that, for each "photo production," she and Defendant entered into an agreement the terms of which included a one-year licensing period "from the date of the first use of her image, but commencing no later than three months after the photo production." *Id.* at ¶ 8. Plaintiff alleges that Defendant photographed her for the final time in or about October 2017 and its license to use her image expired in or about October 2018. *Id.* at ¶ 9. She claims that Defendant continued to use her image in products and advertising without her consent after the license expired. *Id.* at ¶¶ 9–10, 12.

Plaintiff filed a Complaint for statutory and common law misappropriation of likeness against Defendant in Los Angeles County Superior Court on June 27, 2019. *Id.* at 6. She then served the Summons and Complaint on Defendant by certified mail on July 29, 2019. Notice of Removal ("Notice") [Doc. # 1] at ¶ 3; MTR, Ex. 1 at 6. Defendant received the documents and signed the return receipt on August 2, 2019. Notice, Ex. B at 32. Defendant answered the Complaint in state court on September 6, 2019 and then removed the action to this Court on September 9, 2019. *Id.* at 1, 3.

---

[1] Defendant claims that Plaintiff erroneously sued Defendant under the name Fashions Forms, Inc., and intended to sue Ce Soir Lingerie Company, Inc. Opp. at 3. If this is true, the parties should stipulate to an amendment to the Complaint to reflect the correct Defendant's name.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-7765-DMG (JEMx)** | Date | November 22, 2019 |
| Title | *Helen Vanvakaris v. Fashion Forms, Inc., et al.* | Page | 2 of 4 |

# II.
# DISCUSSION

Plaintiff requests that the Court remand this action to Los Angeles County Superior Court because Defendant failed to timely file its Notice of Removal and has not demonstrated a sufficient amount in controversy to establish federal subject matter jurisdiction. MTR at 3-4. The Court addresses these issues in turn.

### A.    Timeliness of Removal

Once a defendant is served, it "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Courts in this circuit read section 1446's language, and the Supreme Court's interpretation of it, to mean that defendants have 30 days "from the service date according to state law" to file a notice of removal. *SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1041 (N.D. Cal. 2018) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)). California's service of process laws provide that plaintiffs may serve out-of-state defendants by "sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." Cal. Civ. Proc. Code § 415.40. This is how Plaintiff served Defendant. Section 415.40 also states that service by such means is "deemed complete on the 10th day after such mailing." *Id.*

Plaintiff argues that because Defendant signed for its receipt of the service documents on August 2, 2019, its removal clock started on that date and expired on September 3, 2019.[2] It cites no support for this interpretation of the applicable service of process rules. Indeed, the weight of authority comes to the opposite conclusion. Since California deems service complete 10 days after mailing, courts calculate the 30-day removal window to begin on the 10th day after the date of mailing. *See SteppeChange*, 354 F. Supp. 3d at 1041 (citing cases); *see also Jimena v. Standish*, 504 F. App'x 632, 634 (9th Cir. 2013). Defendant's period for removal therefore began on August 8, 2019—10 days after Plaintiff mailed the documents on July 29, 2019.

---

[2] The 30th day after August 2, 2019 was September 1, 2019, which was a Sunday. Federal and California rules of civil procedure provide that if the filing deadline falls on a weekend or legal holiday the deadline is continued until the next working day. Fed. R. Civ. P. 6(a)(2)(C); Cal. Rule of Court 1.10(b). September 2, 2019 was Labor Day, so the first working day after the deadline was September 3, 2019.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-7765-DMG (JEMx)** | Date | November 22, 2019 |
|---|---|---|---|
| Title | *Helen Vanvakaris v. Fashion Forms, Inc., et al.* | Page | 3 of 4 |

September 9, 2019, the date that Defendant removed the action to this Court, was the final day of the 30-day window.[3] Accordingly, the Court will not remand this action as untimely removed.

**B.     Amount in Controversy**

In actions without any claims that present federal questions, federal diversity jurisdiction must exist at the time notice of removal is filed. *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). Diversity jurisdiction exists when the plaintiff and defendant are completely diverse and the amount in controversy exceeds $75,000.[4] 18 U.S.C. § 1332. The amount in controversy [i]s the "amount at stake in the underlying litigation," including damages, the cost of complying with an injunction, and any available attorneys' fees. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)

The burden of establishing jurisdiction, including the amount in controversy in diversity actions, "falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). When a defendant removes a case to federal court, its "amount-in-controversy allegation should be accepted when not contested by the plaintiff." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). If a plaintiff contests the defendant's characterization of the amount in controversy, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 88.

Here, Defendant's Notice concludes, without any explanation, that "the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs." Notice at ¶ 5. Plaintiff argues that such a statement is not an adequately "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." MTR at 4 (citing *Dart*, 574 U.S. at 89). Given Plaintiff's challenge to Defendant's allegation, the Court must weigh the evidence that both sides have submitted to determine whether at least $75,000 is at issue.

Plaintiff has submitted no evidence that her claims place less than $75,000 at issue. Defendant, on the other hand, has submitted (among other things) a declaration from its Senior Vice President, Rebecca Harmon, who claims that Defendant's records show that Plaintiff's

---

[3] The 30th day after August 8, 2019 was September 7, 2019, which was a Saturday. As discussed above, applicable civil procedure rules permit Defendant to have filed its Notice of Removal on the following Monday, September 9, 2019.

[4] The parties do not dispute that they are of diverse citizenship. Plaintiff is a citizen of California. Notice at ¶ 7. Defendant's principal place of business and state of incorporation is Texas. *Id.* at ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-7765-DMG (JEMx)** | Date | November 22, 2019 |
|---|---|---|---|
| Title | *Helen Vanvakaris v. Fashion Forms, Inc., et al.* | Page | 4 of 4 |

likeness appeared on approximately 425,000 product packages in 2017 and 2018 (200,000 in 2017 and 225,000 in 2018). Harmon Decl. [Doc. # 10] at ¶¶ 10-11. She also states that the products in those packages sold for an "average weighted profitability of about $5" each. *Id.* Accordingly, Defendant claims it made $2,125,000 in 2017 and 2018 from products bearing Plaintiff's image. Even when limited to only those sales from November and December 2018—the months after the date that Plaintiff claims the license from her final photo production expired—Harmon's declaration suggests that Defendant made an average of $187,500 from products bearing her likeness in those months.[5] Since Plaintiff seeks the "disgorgement of profits and/or imposition of a constructive trust on the monies obtained by [Defendant] from the unauthorized use" of her likeness, Compl. at ¶ 18, the $187,500 in November and December 2018 profits exceeds the jurisdictional threshold.[6]

Given that evidence, and Plaintiff's failure to produce any of her own, Defendant has carried its burden to demonstrate by a preponderance of the evidence that Plaintiff's claims put more than $75,000 in controversy.

## III.
## CONCLUSION

In light of the foregoing, the Court concludes that Defendant timely removed this action to this Court and has satisfied the amount in controversy requirement for federal subject matter jurisdiction. Plaintiff's MTR is therefore **DENIED**.

**IT IS SO ORDERED.**

---

[5] 225,000 items x. $5 in average profit = $1,125,000. $1,125,000 ÷ 12 months in a year = $93,750. $93,750 x 2 months = $187,500.

[6] In addition, Plaintiff seeks emotional distress damages, compensatory damages, punitive damages, and attorneys' fees. *See id.* at Prayer for Relief. Those requests only serve to place more money in controversy.