UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07765-DMG (JEMx) | Date | June 30, 2020 |
|---|---|---|---|
| Title | Helen Vanvakaris v. Fashion Forms, Inc., et al. | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge |
|---|---|

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF HELEN VANVAKARIS' MOTION TO COMPEL DEFENDANT'S FURTHER RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE (Docket Nos. 35 and 36)**

Before the Court is Plaintiff Helen Vanvakaris' Motion To Compel Further Responses To Plaintiff's First Set Of Requests For Production Of Documents from Defendant Fashion Forms, Inc. ("Motion") (Dkt. 35, 36.) The Motion is not yet fully ready for ruling.

On June 5, 2020, the parties filed a Joint Stipulation (Dkt. 36) in which Defendant represents to the Court "its intent to provide supplemental responses and information within 30 days" (Dkt. 36, JS at 10:16-20), which would be July 5, 2020. The Court therefore cannot discern what remains or will remain in dispute when Defendant completes its supplemental responses and document production. To enable Defendant to produce supplemental responses and requested documents consistent with this Order, the Court will set a date of **July 30, 2020** for service of supplemental responses and production of the requested documents. No further delays will be permitted due to COVID-19.

Fed. R. Civ. P. Rule 34 governs requests for production of documents. Rule 34(b)(2)(A) requires the receiving party of a request to state whether production will be permitted or state with specificity the grounds for objecting to the request, including the reasons. Rule 34(b)(2)(C) requires a receiving party to state whether any responsive materials are being withheld on the basis of that objection. The Court will not permit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07765-DMG (JEMx) | Date | June 30, 2020 |
|---|---|---|---|
| Title | Helen Vanvakaris v. Fashion Forms, Inc., et al. | | |

boilerplate objections such as "vague, ambiguous, overbroad, burdensome, oppressive" without explanation or declaration.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (explaining impropriety of such objections).

This case presents two claims.  Plaintiff is a model who was hired by Defendant to be photographed for numerous photo productions promoting Fashion Forms products.  (Complaint, Dkt. 1, ¶¶ 6-8.)  Defendant had a one year license to exploit Plaintiff's image for one year.  (Id., ¶ 8.)  Plaintiff alleges that Fashion Forms continued to exploit her image after a license expired.  (Id., ¶¶ 8-13.)  Plaintiff alleges common law misappropriation of likeness and violation of California Civil Code § 3344 (statutory misappropriation of likeness).

Defendant contends that Plaintiff's claims are subject to a two year statute of limitations.  Cal. Code of Civ. Proc. § 339; see Christoff v. Nestle USA, Inc., 47 Cal.4th 468, 474 (2009).  Defendant represents he will provide answers for the time period of January 1, 2017 to the present but not before.  Plaintiff, however, contends that Defendant republished in that period photos that were taken before 2017.  Defendant treats the Complaint as if only one incident of misappropriation has been alleged (Dkt. 1, ¶ 9) but the Complaint fairly encompasses other such misappropriations.  (Id., ¶¶ 8, 10-13).  As such, Plaintiff's Requests for Production of Documents seek information relevant to her claims under F.R.C.P. Rule 26(b).  Defendant must provide responses and documents that provide information before 2017 if the information relates to republication of Plaintiff's images after 2017.

Pursuant to Civ. Code § 3344 Plaintiff is entitled to financial information to prove her actual damages and any profits not attributable to a misappropriation not taken into account in computing actual damages.  This includes gross revenue and deductible expenses.  Defendant must provide responses and documents seeking such information.

The Court DENIES Plaintiff's request for monetary sanctions because it was not raised in the Joint Stipulation but first raised in Plaintiff's Supplemental Memorandum. (Dkt. 38.)

The Court observes that the parties dispute 38 Requests for Production.  This unusually large number of disputes indicates a failure to comply with L.R. 37-1.  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07765-DMG (JEMx) | Date | June 30, 2020 |
|---|---|---|---|
| Title | Helen Vanvakaris v. Fashion Forms, Inc., et al. | | |

Court expects the parties to reduce substantially, if not eliminate entirely, the number of requests in dispute.

Once Defendant serves its supplemental responses and production of documents on July 30, 2020, the parties must meet and confer and if appropriate may file a Joint Status update by **August 15, 2020** on the sufficiency of Defendant's supplemental responses and production of documents. The Court also admonishes Defendant that as this is a Court Order any violation of it brings into play the panoply of sanctions available under Rule 37(b).


cc:     Parties

                                                                          :
                                    Initials of Deputy Clerk            slo